IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL ASSOCIATION OF LETTER CARRIERS, AFL-CIO, BRANCH 19<br><br>Defendant. | Civil Action<br><br>No. |

COMPLAINT

Plaintiff R. Alexander Acosta, Secretary of Labor, alleges as follows:

NATURE OF THE ACTION

1. Plaintiff brings this action under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, as amended (Act of September 14, 1959, 73 Stat. 519, et seq., 29 U.S.C. §§ 481-483, hereinafter referred to as the Act), as applied to the Defendant National Association of Letter Carriers, AFL-CIO, Branch 19, by the Postal Reorganization Act at 39 U.S.C. § 1209(b), for a judgment declaring that the December 20, 2017 election conducted by Defendant Branch 19 for the officer positions of President and Trustee (three positions) is void and directing Defendant to conduct a new election for the offices of President and Trustee (three positions), under Plaintiff's supervision, and for other appropriate relief.

JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 482(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1345.

3. Venue lies in this district pursuant to 29 U.S.C. § 482(b) and 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff R. Alexander Acosta is the duly appointed Secretary of Labor, United States Department of Labor.  Plaintiff is authorized to bring this action under section 402(b) of Title IV of the Act, 29 U.S.C. § 482(b).

5. Defendant is, and at all times relevant to this action has been, an unincorporated association with its principal office located in the County of New Haven, Connecticut, within the jurisdiction of this district.

## FACTUAL ALLEGATIONS

6. Defendant is, and at all times relevant to this action has been, a local labor organization engaged in an industry affecting commerce within the meaning of section 3(i) and (j) and 401(b) of the Act (29 U.S.C. §§ 402(i) and (j) and 481(b)).

7. Defendant, purporting to act pursuant to its By-Laws conducted an election of officers on December 20, 2017, and this election was subject to the provisions of Title IV of the Act (29 U.S.C. §§ 481-483).

8. By letter dated December 22, 2017, to the Defendant's Election Committee, Angelo Catone, a member in good standing of the Defendant, protested the election.

9. By letter dated January 11, 2018, to Catone, the Election Committee denied the protest.

10. Catone appealed the decision of the Election Committee to the Defendant's Executive Board by letter dated January 16, 2018.

11. By letter dated February 8, 2018, to Catone, the Executive Board denied the appeal.

12. Catone appealed the decision of the Executive Board to Branch 19 and its Recording Secretary by letter dated February 15, 2018.

13. The membership denied the appeal at its February 21, 2018 membership meeting.

14. Catone appealed the decision of the membership to the National Committee on Appeals by letter dated March 13, 2018.

15. Catone's appeal was forwarded to the National Committee on Appeals by certified letter dated May 2, 2018.

16. Having invoked the remedies available for three calendar months without receiving a final decision, Catone filed a timely complaint with the Secretary of Labor on April 18, 2018, within the one calendar month required by section 402(a)(2) of the Act (29 U.S.C. § 482(a)(2)).

17. Pursuant to section 601 of the Act (29 U.S.C. § 521), and in accordance with section 402(b) of the Act (29 U.S.C. § 482(b)), the Plaintiff investigated the complaint and, as a result of the facts shown by his investigation, found probable cause to believe that violations of Title IV of the Act (29 U.S.C. §§ 481-483) had occurred in the conduct of the Defendant's December 20, 2017 election; and (2) that such violations had not been remedied at the time of the institution of this action.

## CAUSE OF ACTION

18. Defendant violated section 401(g) of the Act, 29 U.S.C. § 481(g), during the conduct of the aforesaid election when union resources and employer funds were used to promote the candidacy of the incumbent president for union office.

19. Defendant violated section 401(c) of the Act, 29 U.S.C. § 481(c), during the conduct of the aforesaid election when voted ballot envelopes were returned to a post office box that is

rented by a private postal customer, not Branch 19, and the returned voted ballots were subsequently kept in an open postal bin in an unsecured and unattended location.

20. The violations of section 401(g) and 401(c) of the Act (29 U.S.C. § 481(g) and 481(c)) may have affected the outcome of the Defendant's election for the offices of President and Trustee (three positions).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment:

(a) declaring the Defendant's election for the offices of President and Trustee (three positions), to be void;

(b) directing the Defendant to conduct a new election for the offices of President and Trustee (three positions), under the supervision of the Plaintiff;

(c) for the costs of this action; and

(d) for such other relief as may be appropriate.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

JOHN H. DURHAM
United States Attorney

By: */s/ Christine Sciarrino*
Christine Sciarrino
Assistant United States Attorney
United States Attorney's Office
157 Church Street -25th Floor
New Haven, Connecticut   06510
Tel. (203) 821-3780/Fax (203) 773-5315
Email: Christine.Sciarrino@usdoj.gov
Federal No. CT3393

4

OF COUNSEL:

KATE S. O'SCANNLAIN
Solicitor of Labor

BEVERLY DANKOWITZ
Associate Solicitor

RADINE LEGUM
Counsel for Labor-Management Programs

BRENDA STOVALL
Attorney
U.S. Department of Labor